UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| IN RE:<br>**DAVID BENJAMIN MORRIS**<br>**CANDACE APRIL MORRIS**<br>Debtors | ) ) ) ) ) | CHAPTER 7<br><br>CASE NO. 15-60033 |
| **DAVID BENJAMIN MORRIS**<br>**CANDACE APRIL MORRIS**<br><br>Plaintiffs/Appellants,<br>v.<br><br>W. STEPHEN SCOTT, TRUSTEE,<br><br>Defendant/Appellee | ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 3:15-CV-00021-GEC |

## APPELLANTS' OPENING BRIEF

THE MILLER LAW GROUP, P.C.

Larry L. Miller, VSB43345
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
Phone (434) 974-9776
Fax   (434)974-6773
larry@millerlawgrouppc.com

Attorney for Appellants David Benjamin Morris
and Candace April Morris

**Dated: July 29, 2015**

# TABLE OF CONTENTS

| | Page(s) |
|---|---|
| **TABLE OF AUTHORITIES** | ii-iv |
| **JURISDICTIONAL STATEMENT** | 1 |
| **STATEMENT OF THE ISSUES** | 1 |
| 1. Whether the Plaintiffs/Appellants properly exempted the 2014 income tax refunds? | 1 |
| 2. Whether the amended homestead deed was timely filed? | 1 |
| **STATEMENT OF THE CASE** | 1 |
| **STATEMENT OF THE FACTS** | 2 |
| **STANDARD OF REVIEW** | 4 |
| **ARGUMENT** | 4 |
| I. The Plaintiffs/Appellants properly exempted their 2014 income tax refunds and other items of personal property. | |
| II. The amended homestead deed did not need to be timely filed to be effective. | |
| **CONCLUSION** | 5 |

# TABLE OF AUTHORITIES

*Cases:* Page(s)

*Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.),*
128 F.3d 203, 206 (4th Cir.1997). .................................................................................. 3

*Sharkey v. Leake,* 715 F2d. 859 (4th Cir. 1983). .................................................................. 3

*Mayer v. Nguyen,* 211 F.3d 105 (4th Cir., 1999),) ................................................................. 5

| *Statutes and Rules:* | Page(s) |
|---|---|
| 11 U.S.C. § 1109(b) | 1 |
| 11 U.S.C. § 341 | 1, 4 |
| 28 U.S.C. § 158(a) | 4 |
| 11 U.S.C. §522(1) | 5 |
| Code of Virginia §34-14 | 5 |

# JURISDICTIONAL STATEMENT

This is an appeal of the Order (Dkt. No. 24) of the United States Bankruptcy Court for the Western District of Virginia (the "**Bankruptcy Court**") entered on or about April 28, 2015 granting the Trustee's Objection to Exemptions and Motion for Turnover and the Trustee's Amended Objection to Exemptions and Motion for Turnover. The Bankruptcy Court found that the original homestead deed was timely filed but that the amended homestead deed was not timely filed in order to be able to exempt assets not scheduled on the original homestead deed. The Court disallowed the exemptions claimed on the amended homestead deed and found that they are part of the estate and subject to administration by the Trustee. The Court went further to order the Plaintiffs/Appellants to turn over their entire 2014 income tax refunds to the Trustee. For the Court's convenience, a copy of the Order is attached hereto as **Appendix A.**

The Appellants have standing under 11 U.S.C. § 1109(b) to be heard in this matter.

# STATEMENT OF THE ISSUES

1. Whether the Plaintiffs/Appellants properly exempted the 2014 income tax refunds?

2. Whether the amended homestead deed was timely filed?

# STATEMENT OF THE CASE

The Plaintiffs/Appellants commenced their bankruptcy case on January 9, 2015. The §341 hearing was scheduled for and conducted by the Trustee on February 20, 2015. The original homestead deed was signed by the Plaintiffs/Appellants on or about February 4, 2015. On February 24, the Trustee filed his Report of No Distribution. (Dkt. No. 10).

1

On February 27, 2015, the Plaintiffs/Appellants filed amended schedules B and C. (Dkt. Nos. 11 and 12). The Plaintiffs/Appellants also prepared and filed an amended homestead deed to correct the original homestead deed already filed. The amended homestead deed was mailed to the Clerk of the Circuit Court for Greene County with the proper filing fee. The Clerk did not file the amended homestead deed until March 2, 2015. The Trustee on March 17, 2015 filed an objection to homestead objection and motion for turnover. (Dkt. No. 13) On March 18, 2015, the Trustee filed a Motion to rescind Report of No Distribution. (Dkt. No. 14). Then on April 8, 2015 the Trustee filed an Amended Objection to Exemptions and Motion for Turnover. (Dkt. No. 19). A hearing was held on the Trustee's Objection to Exemptions and Motion for Turnover and the Trustee's Amended Objection to Exemptions and Motion for Turnover on April 20, 2015. (Dkt. No. 20). The Objections were sustained and the Trustee was directed to prepare the Order. The Order was entered by the Court on April 28, 2015. The Plaintiffs/Appellants filed there notice of appeal on May 12, 2015.

## STATEMENT OF FACTS

The Plaintiffs/Appellants filed their bankruptcy case on January 9, 2015. The §341 hearing was scheduled for and conducted by the Trustee on February 20, 2015. The original homestead deed was signed by the Plaintiffs/Appellants on or about February 4, 2015. At the §341 hearing, the Trustee requested certain changes to be made by the Plaintiffs/Appellants to their schedules and exemptions because of corrections and modifications that the Trustee believed should be done. Those changes were made on or before February 27, 2015. (Dkt. Nos. 11 and 12). On March 18, 2015, the Trustee filed a

2

Motion to rescind Report of No Distribution. (Dkt. No. 14). This is after the requested changes had been made as requested.

At the hearing on the Trustee's Objection to Exemptions and Motion for Turnover and the Trustee's Amended Objection to Exemptions and Motion for Turnover, the Trustee argued that the Plaintiffs/Appellants had not properly filed the original homestead deed because it refers to "Projected 2015 Federal Tax refund" and "Projected 2015 State Tax refund". The Plaintiffs/Appellants, by and through counsel, argued that it was for the refund the Plaintiffs/Appellants were to receive. The Trustee said that the refunds were for the next year and that any refunds for 2014 were not exempted and should be paid to the Trustee. The Plaintiffs/Appellants further argued that they had specifically indicated the property to be exempted but that there was a scrivener's error and the wrong year was indicated on the original homestead deed and that's one of the reasons an amended homestead deed was prepared. Furthermore, the Trustee had requested that the section on the original homestead deed be modified to specifically list all of the property that the Plaintiffs/Appellants believed was in that classification. The Trustee argued that 2015 will not be until the next year and that nothing was done to exempt the 2014 refund even thought it was being received in 2015. The Court agreed with the Trustee and sustained the Trustee's Objection to Exemptions and Motion for Turnover and the Trustee's Amended Objection to Exemptions and Motion for Turnover and the Court also ordered that the Plaintiffs/Appellants turnover all of their 2014 tax refunds because the refunds had not been properly exempted.

The Plaintiffs/Appellants filed their notice of appeal.

3

## STANDARD OF REVIEW

It is well settled that this Court, vested with appellate jurisdiction over the rulings of the Bankruptcy Court pursuant to 28 U.S.C. §158(a), review[s] the bankruptcy court's factual findings for clear error ... [and] questions of law *de novo.*" See Loudoun Leasing Dev. Co. v. Ford Motor Credit Co. (In re K & L Lakeland, Inc.), 128 F.3d 203, 206 (4th Cir.1997).

## ARGUMENT

1. **The Plaintiffs/Appellants properly exempted their 2014 income tax refunds and other items of personal property.**

The Plaintiffs/Appellants properly exempted the 2014 income tax refunds and their other personal property in the original homestead deed. When the original homestead deed was filed, it had a copy of Schedule C attached to it. Schedule see makes reference under Schedule C as "Other unliquidated debts owing to Debtor including Tax Refund". The main requirement under §34-17 is that the property be "set apart" in order to claim the exemption. It is clear that under the original homestead deed (Dkt. No.13and 19) the Plaintiffs/Appellants did "set apart" their property to claim the exemption. Generally, statutes that create a debtor's exemption must be construed liberally in favor of the debtor and the exemption. See Sharkey v. Leake, 715 F2d. 859 (4th Cir. 1983). That was not done in this case. There is no dispute that the original homestead deed has any defects or was not properly filed other than it refers to a "projected refund" for 2015.

The Trustee at the §341 hearing requested modifications to the schedules and to the homestead deed. That is when the amended homestead deed was prepared and sent to the Circuit Court Clerk for Greene County. Additionally, there was no evidence that the Plaintiffs/Appellants were improperly seeking to insulate their property from their creditors. The only argument presented by the Trustee was

4

that the original homestead deed had the wrong year and that the amended homestead deed was not recorded within the five day period and was not effective. The Court stated that the deed was late and interpreted that there should be strict compliance with the five day requirement.

## 2. The amended homestead deed did not need to be timely filed to be effective.

The Trustee argued that the amended homestead deed was not timely because it was not recorded with in the five day time limit. It is well settled in Virginia that the homestead deed does not need to be recorded with in the five day time limit to be effective. The requirements of §34-14 has only two requirements. Those requirements are (1) the debtor must describe the property to be in writing and (2) the writing must be admitted to record. In Mayer v. Nguyen, 211 F.3d 105 (4th Cir., 1999), the Court said that if the deed is in proper form, with the proper clerk and the proper fees, the deed is effective. It is the duty of the clerk, not the debtor, to record the deed. When that is done, the debtor has done all that they can do to comply and that the deed should not and cannot be voided because the clerk did not provide immediate service. This is beyond the debtor's control and the debtor should not be subject to any prejudice for action that the debtor has no control over. Furthermore, the Plaintiffs/Appellants did file their list of exemptions in the bankruptcy court as required under 11 U.S.C. §522(l).

## CONCLUSION

For the foregoing reasons, Plaintiffs/Appellants respectfully request that the Court strike the Bankruptcy Court's order sustaining the Trustee's Objection to Exemptions and Motion for Turnover and the Trustee's Amended Objection to Exemptions and Motion for Turnover; find that the Plaintiffs/Appellants are entitled to and can claim their objections;and for such other and further relief as may be just and proper in this matter.

July 29, 2015

Respectfully Submitted,

5

David Benjamin Morris and
Candace April Morris,

Debtors/Appellants
By Counsel

/s/ Larry L. Miller
Larry L. Miller  VSB43345
MILLER LAW GROUP, P.C.
1160 Pepsi Place, Suite 341
Charlottesville, VA 22901
Phone (434) 974-9776
Fax    (434)974-6773
larry@millerlawgrouppc.com
Counsel for Debtors/Appellants

## CERTIFICATE

I hereby certify that a true copy of the foregoing Debtors/Appellants Appellants Opening Brief was sent electronically or mailed this 29th day of July, 2015, to W. Stephen Scott, Esq., (VSB # 14301), Chapter 7 Trustee, P.O. Box 1312, Charlottesville, VA 22902 and ScottKroner, PLC, 418 East Water, P.O. Box 2737, Charlottesville, VA  22902.

/s/ Larry L. Miller

6