CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 0 8 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

DAVID BENJAMIN MORRIS and )
CANDACE APRIL MORRIS, )
 )
    Appellants, ) Civil Action No. 3:15-CV-00021
 )
v. ) **MEMORANDUM OPINION**
 )
W. STEPHEN SCOTT, Chapter 7 Trustee, ) By: Hon. Glen E. Conrad
 ) Chief United States District Judge
    Appellee. )

In this appeal from the United States Bankruptcy Court for the Western District of Virginia, appellants David Benjamin Morris and Candace April Morris (the "Debtors"), Chapter 7 debtors, seek review of the bankruptcy court's order granting a motion for turnover and ordering that the entire amount of the Debtors' 2014 federal and state tax refunds be turned over to appellee W. Stephen Scott (the "Trustee"), a Chapter 7 trustee. For the following reasons, the bankruptcy court's decision will be affirmed.

## **Background**

On January 9, 2015, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. They filed a homestead deed with the Circuit Court for Greene County on February 4, 2015 (the "Original Homestead Deed"). In that deed, the Debtors listed their exempt property, specifically "Projected 2015 Federal Tax Refund" in the amount of $328.42 and "Projected 2015 Virginia Tax Refund" in the amount of $48.17, pursuant to Virginia Code § 34-4. Docket No. 2, at 13. In Schedule C of the Original Homestead Deed, the Debtors listed "Other Liquidated Debts Owing Debtor Including Tax Refund" in the amount of $1.00. Id. at 15.

The meeting of creditors, pursuant to 11 U.S.C. § 341, took place on February 20, 2015 (the "§ 341 meeting"). Ten days later, on March 2, 2015, the Debtors filed a new homestead

deed with the Circuit Court for Greene County (the "Amended Homestead Deed"). In the Amended Homestead Deed, the Debtors listed their exempt property as "2014 Federal Tax Refund" in the amount of $6,905.63 and "2014 Virginia Tax Refund" in the amount of $1,240.00. Docket No. 2, at 17. In Schedule C of the Amended Homestead Deed, the Debtors listed the value of "Other Liquidated Debts Owing Debtor Including Tax Refund" as $8,146.63.

On March 17, 2015, the Trustee filed an objection to the exemptions in the Amended Homestead Deed and a motion for turnover of the Debtor's 2014 federal and tax refunds. On April 8, 2015, the Trustee filed an amended objection to the exemptions and a motion for turnover. The bankruptcy court held a hearing on the motion on April 20, 2015. On April 28, 2015, the bankruptcy court entered an order finding that the Amended Homestead Deed was not timely filed and disallowing the 2014 federal and state tax refund exemptions in the Amended Homestead Deed. Accordingly, the bankruptcy court ordered the Debtors to turn over their 2014 federal and state tax refunds to the Trustee. The Debtors appealed this decision on May 12, 2015. The matter has been fully briefed and is ripe for disposition.[1]

## Standard of Review

The court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's findings of fact for clear error. Fed. R. Bankr. P. 8013; In re Merry–Go–Round Enterprises, 180 F.3d 149, 154 (4th Cir. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985). If "there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Id. at 574 (citing

---

[1] Neither party requested oral argument. The court is of the opinion that oral argument would not aid the decisional process.

2

United States v. Yellow Cab Co., 338 U.S. 33, 342 (1949)). The party seeking reversal of the bankruptcy court's factual findings bears the burden of proving that those findings are clearly erroneous. In re Rape, 104 B.R. 741, 747 (W.D.N.C. 1989). On the other hand, a bankruptcy court's conclusions of law are reviewed de novo. In re Harford Sands Inc., 372 F.3d 637, 639 (4th Cir. 2004). If an issue presents a mixed question of law and fact, the court applies the clearly erroneous standard to the facts and de novo review to legal conclusions derived from those facts. Gilbane Bldg. Co. v. Fed. Reserve Bank, 80 F.3d 895, 905 (4th Cir. 1996).

## Discussion

On appeal, the Debtors raise two arguments. First, the Debtors contend that they properly exempted their 2014 federal and state tax refunds in the Original Homestead Deed. Second, they argue that the Amended Homestead Deed was timely filed. The court will address each of these arguments in turn.

### I. Tax Returns Exemption in the Original Homestead Deed

The Debtors first argue that they properly exempted their 2014 federal and state tax refunds in the Original Homestead Deed, and that the bankruptcy court erred in finding that the Original Homestead Deed only exempted their projected 2015 federal and state tax refunds. Virginia law allows a householder to exempt certain personal property, including "debts due him." Va. Code Ann. § 34-4. There is no dispute that tax refunds are debts within the meaning of the statute, and the United States Court of Appeals for the Fourth Circuit has treated tax refunds as such. Shirkey v. Leake, 715 F.2d 859, 861 (4th Cir. 1983). In order to claim an exemption in personal property, the debtor must designate the property in writing, describe it "with reasonable certainty," and state its value. Id. § 34-14. "Whether a description is reasonably certain involves a judgment that takes into consideration the purpose of the exemption statutes and the characteristics of the object to be described." Shirkey, 715 F.2d at 862. The writing must also be

3

Case 3:15-cv-00021-GEC Document 8 Filed 02/08/16 Page 3 of 8 Pageid#: 81

recorded, usually in the form of a homestead deed, in the county or city where the debtor lives. Va. Code Ann. § 34-14. The debtor must set apart his property no later than the fifth day after the § 341 meeting. Id. § 34-17. The Fourth Circuit has held that "when a debtor has filed a homestead deed in proper form with the right clerk, with fees paid, all prior to the deadline established by § 34-17, the debtor has set apart his property for purposes of §§ 34-14 and 34-17." In re Nguyen, 211 F.3d 105, 112 (4th Cir. 2000) (internal quotation marks omitted). While courts are to interpret statutes creating debtor's exemptions liberally in favor of the debtor, Id. at 110, courts may not "reduce or enlarge the exemption, or read into the exemption laws an exception not found there," Goldburg v. Salyer, 50 S.E.2d 272, 277 (Va. 1948).

On appeal, the Debtors argue that the bankruptcy court failed to interpret the exemption statutes liberally in their favor. They also argue that there was no evidence that they were improperly seeking to insulate their property from their creditors. They note that the Trustee's only complaint about the Original Homestead Deed was that it contained the wrong year.

Reviewing the bankruptcy court's conclusions of law de novo, the court is constrained to disagree with the Debtors' assertion that the bankruptcy court erred by failing to liberally construe the exemption statutes in their favor. At the hearing on the Trustee's objections, the bankruptcy court noted that the exemption statutes must be construed liberally, but that it also believed that it could not characterize the language in the Original Homestead Deed as something other than what the words specifically state. The bankruptcy court also correctly noted that the purpose of the homestead deed is to provide notice to creditors as to the debtor's claimed exemptions. See In re Heidel, No. 98-2146, 1999 WL 511029, at *4 (4th Cir. Jul. 20, 1999) ("There can be no doubt that, in this case, all of the parties were aware, within the time frame set forth by Virginia Code § 34-17, that [the debtor] intended to claim his retirement benefits as

4

exempt."). To the extent that the Debtors rely on Sharkey v. Leake for their assertion that the bankruptcy court erred in its legal conclusions, such reliance is misplaced. The Fourth Circuit in Sharkey found that the debtor satisfied the requirements of § 34-14 when the debtor claimed an exemption for his tax refunds in the amount of $800.00. 715 F.2d at 862. Specifically, the Fourth Circuit found that the date of the tax refund was immaterial and that it would not "add this requirement to the statute when the date serves no critical purpose." Id. at 863. Most importantly, the Fourth Circuit noted that "[b]ecause only one year's tax refunds are involved, the date of the refunds is immaterial." Id. at 862. As such, the court rejects the Debtors' contention that the bankruptcy court failed to liberally construe the tax exemption statutes when it considered the year of the tax refund in the Original Homestead Deed to be material. Here, there are tax returns for two different years at issue, and the Debtors seek to exempt additional tax refunds beyond those explicitly listed in the Original Homestead Deed.

In this case, the bankruptcy court ultimately found that it could not ignore the unambiguous language in the Original Homestead Deed that only listed the Debtors' projected 2015 federal and state tax refunds. The bankruptcy court noted that there is no dispute that the Debtors timely filed their Original Homestead Deed on February 4, 2015, prior to the § 341 meeting on February 20, 2015, in the correct clerk's office. However, the bankruptcy court found that the Debtors referred only to their projected 2015 tax refunds in the Original Homestead Deed and made no mention of their 2014 tax refunds, which the Debtors would have received in 2015. The bankruptcy court believed that it could not construe 2014 tax refunds and projected 2015 tax refunds as anything other than those specific refunds for those particular years. In the court's view, the bankruptcy court carefully reviewed the record and the testimony in this case in making this finding. Therefore, the court finds no clear error in the bankruptcy court's

5

determination that the Original Homestead Deed specifically and unequivocally claimed an exemption only for the Debtors' projected 2015 tax refunds. Accordingly, the court upholds the bankruptcy court's finding as to the exemptions in the Original Homestead Deed.

## II. Timeliness of Amended Homestead Deed

Even if they did not properly exempt their 2014 federal and state tax refunds in the Original Homestead Deed, the Debtors next argue that their Amended Homestead Deed was timely filed. Again, to set aside exempt property, the writing must be filed in the appropriate clerk's office within the five-day timeframe pursuant to § 34-17. In re Nguyen, 211 F.3d at 112. Even though courts are required to construe exemption statutes liberally in favor of the debtor, there are certain exemption statutes that must be accorded strict interpretation. In re Pennington, 47 B.R. 322, 326 (Bankr. E.D. Va. 1985). Among those statutes accorded strict interpretation is § 34-17. In re Banks, 443 B.R. 708, 711 (Bankr. W.D. Va. 2011) (citing In re Pennington, 47 B.R. at 326). The day on which the § 341 meeting is held is not counted towards the five-day window, but intervening Saturdays, Sundays, and legal holidays are included. Va. Code Ann. § 1-210(A). The failure of a debtor to comply with the Virginia homestead exemption laws preclude an exemption in bankruptcy. Zimmerman v. Morgan, 689 F.2d 471, 472 (4th Cir. 1982).

In their appeal, the Debtors contend that they filed the Amended Homestead Deed within the five-day period, but that the clerk's office did not record the deed until March 2, 2015. The Debtors rely on In re Nguyen where the Fourth Circuit found that actual recordation and indexing of the homestead deed by the clerk was a "purely ministerial task" and, thus, did not need to be completed within the five-day period under § 34-17. 211 F.3d at 111; see also In re Ahmed, 411 B.R. 537, 539 (Bankr. E.D. Va. 2009) (finding that, once the debtor delivers a

6

proper homestead deed to the appropriate clerk with all applicable fees, "the debtor has done all that he can do and has set apart the property claimed exempt").

Reviewing the bankruptcy court's conclusions of law de novo, the court must conclude that the bankruptcy court correctly applied Virginia law in this case. The court again notes that § 34-17 requires strict compliance. To the extent that the Debtors rely on Sharkey v. Leake for the assertion that they may amend their Original Homestead Deed after the deadline set forth in § 34-17, the court believes that such reliance is unwarranted as that case is distinguishable. Specifically, the homestead deed at issue in Sharkey contained a scrivener's error as to the year of the debtor's exempted tax refund, and the Fourth Circuit held that § 34-17 did not prohibit a clarifying amendment after the five-day period. 715 F.2d at 863. Notably, the Fourth Circuit found that the debtor in Sharkey was not attempting to claim tax refunds for both the year listed in the original homestead deed and the year listed in the amended homestead deed. Id. at 862. Instead, the debtor was simply seeking to correct the year in the original homestead deed and did not change the value of the exempted tax refund. Id.; In re Blankenship, 253 B.R. 716, 718 (Bankr. W.D. Va. 2000) (distinguishing Sharkey because, "[h]ere, the Debtor wishes to amend to make his claim of exemption in tax returns valid under Virginia law"). Others courts have found that "the law is equally clear that an amendment to a Homestead Deed may not set apart additional items not included in the original Homestead Deed." See In re Pennington, 47 B.R. at 326 (listing cases). As such, the court rejects the Debtors' contention that the bankruptcy court erred in their interpretation of the five-day requirement under § 34-17.

In this case, the bankruptcy court found that the Amended Homestead Deed was not timely filed in order to exempt assets that were not listed in the Original Homestead Deed. At the hearing, counsel for the Trustee argued that the Debtors filed their Amended Homestead Deed on

7

March 2, 2015, ten days after the § 341 meeting of creditors. The only evidence before the bankruptcy court showed that the Amended Homestead Deed contained a time stamp stating that the clerk's office recorded the Amended Homestead Deed on March 2, 2015. It does not appear from the record that the bankruptcy court had any other evidence showing that the Amended Homestead Deed was received by the clerk's office within five days after the § 341 meeting. Furthermore, the bankruptcy court also had no evidence that the Debtors mailed their Amended Homestead Deed within the five-day limitation. Therefore, the court finds no clear error in the bankruptcy court's consideration of these factual issues. In the court's view, the bankruptcy court carefully considered the record and reasonably found that the Debtors made no showing that the Amended Homestead Deed was filed with the clerk's office on or prior to February 25, 2015. On appeal, the Debtors, who have the burden of proof, have offered no evidence to show that the bankruptcy court's determination was clearly erroneous. Accordingly, the court upholds the bankruptcy court's finding as to the timeliness of the Amended Homestead Deed.

## Conclusion

For the foregoing reasons, the court will affirm the bankruptcy court's decision in its entirety, finding no reversible error in its decision.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 8th day of February, 2016.

/s/ Glen Conrad
Chief United States District Judge